IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
LLOYD V. WARREN III, as an individual :
and as a representative of the class, :
: 
                Plaintiff, : **CLASS ACTION COMPLAINT**
: **(JURY TRIAL DEMANDED)**
  -against- :
:
CHASE HOME FINANCE, LLC and : Case No.: 1:10-cv-04718-DAB
JPMORGAN CHASE BANK, N.A., : ECF Case
:
                Defendants. :
:
---------------------------------------------------------X

    Plaintiff Lloyd V. Warren III ("Plaintiff"), by and through his attorneys Nichols Kaster, PLLP, and on behalf of himself, the Putative Class, and in the public interest, brings the following Complaint against Defendants Chase Home Finance, LLC and JPMorgan Chase Bank, N.A. ("Defendants"):

## PRELIMINARY STATEMENT

    1.    Plaintiff and the Putative Class obtained from Defendants loans or lines of credit secured by property located within the State of New York. During the applicable statutory period, Defendants fraudulently, illegally, and deceptively forced Plaintiff and the Putative Class to purchase and maintain flood insurance in amounts greater than required by law and in amounts greater than Defendants' interest in the property, without any reasonable basis or justification and without clearly, conspicuously, or adequately disclosing such requirements in the relevant loan documents. Furthermore, Defendants deceptively misrepresented federal flood insurance requirements when demanding that Plaintiff and the Putative Class obtain unnecessary and excessive insurance coverage. In so doing,

Defendants breached their duty of good faith and fair dealing, and violated both the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* and New York General Business Law § 349.

2.  The Putative Class is made of all persons who have or had loans or lines of credit secured by their property with Defendants and who Defendants required to purchase or maintain flood insurance on their property in the State of New York at anytime within six years prior to this action's filing date through final disposition of this action.

3.  Plaintiff and the Putative Class seek monetary relief, injunctive relief, declaratory relief, penalties, and attorneys' fees and costs pursuant to New York General Business Law § 349, *et seq.*, TILA, 15 U.S.C. § 1601, *et seq.*, and common law, as set forth below.

## THE PARTIES

4.  Individual and representative Plaintiff Lloyd V. Warren III resides in the County of Chenango, State of New York. Plaintiff is a member of the Putative Class as defined below.

5.  Defendant JPMorgan Chase Bank, N.A. ("JPM") is a national banking association headquartered in Ohio. JPM does business in the State of New York and several other states throughout the country.

6.  Defendant Chase Home Finance, LLC ("CHF") is a Delaware limited liability company with its principle place of business in Ohio. CHF services loans originated by JPM, including mortgage loans and lines of credit to New York homeowners.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under TILA, 12 U.S.C. § 1601, *et seq*. The Court further has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. In addition, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of the State of New York, and Defendants are citizens of different states. The amount in controversy in this action exceeds $5,000,000.00, and there are more than 100 members of the Putative Class.

9. Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff resides in New York, and Defendants regularly conduct business in the Southern District of New York.

## FACTUAL ALLEGATIONS

10. On or about October 29, 2007, Plaintiff obtained a line of credit from lender JPM in the amount of $92,000.00, which was secured by his homestead. Upon opening the line, Plaintiff drew approximately $69,245.54. Plaintiff has made no additional draws on the credit line.

11. In obtaining the loan, Plaintiff signed an "Agreement to Provide Insurance," which in part directed him to mail "[a]ll documents and other materials relating to insurance for this loan" to CHF. CHF provided mortgage, financial, and loan management services in connection with Plaintiff's line of credit. Plaintiff paid a $50 annual fee for these services, plus other valuable compensation. Upon information and belief, CHF's conduct was

authorized and/or ratified by JPM at all relevant times, and JPM was responsible for its conduct.

12.     Upon opening the credit line, Plaintiff obtained flood insurance coverage of $92,000 from a non-Chase affiliated company. Plaintiff did so at the direction of Defendants, who informed him that federal law required insurance in this amount.

13.     Near the end of 2007 or beginning of 2008, CHF sent Plaintiff a letter stating that, due to an alleged decline in his property value, it would suspend future draws against his account. According to CHF's internal appraisal at the time of this notice, Plaintiff's property value fell significantly below the original $92,000 line of credit. The letter further explained that Plaintiff's line could only be resurrected if his property received a formal appraisal value of approximately $120,000.

14.     In or around October 2009 and in light of the credit-line suspension, Plaintiff requested that Defendants allow him to decrease his flood insurance coverage from $92,000 to $68,500—the approximate amount of his principal balance at the time.

15.     In a letter dated November 2, 2009, CHF agreed to allow Plaintiff to decrease his flood insurance coverage to $68,500 as requested.

16.     In contravention of the November 2, 2009 letter, CHF sent Plaintiff another letter dated April 12, 2010, informing him that he instead needed to *increase* his flood insurance coverage by an additional $158,000, for a total of $250,000 in coverage.

17.     The April 12, 2010 letter informed Plaintiff that "[f]ederal law requires" he purchase and maintain flood insurance, and it states:

> At a minimum, the coverage needed on your flood insurance policy must be equal to the lesser of the following:

- The maximum amount of insurance coverage available through the National Flood Insurance Program (NFIP), which is currently $250,000; or
- 100% of the full replacement cost value of the dwelling and insurable improvements.

18. Contrary to this letter, federal law does not require flood insurance beyond the principal balance of an existing loan or credit line. *See* 42 U.S.C. § 4012a(b)(1). Accordingly, CHF's letter is fraudulent, deceptive, and misleading, in that it misstates federal flood insurance requirements and fails to mention that those requirements are satisfied if the property is insured in an amount at least equal to the principal balance.

19. On May 4, 2010, CHF sent Plaintiff another letter, which states: "according to the terms of your mortgage, you are required to maintain continuous flood insurance on your property. . . . Our records indicate that you must increase your flood coverage by $158,000."

20. This statement is also fraudulent, deceptive, and misleading. JPM's mortgage interest in Plaintiff's property extends only insofar as its financial stake in the property, and the terms of Defendants' loan and mortgage documents do not mandate additional coverage. For example, neither the "Agreement to Provide Insurance," nor Defendnats' "Notice of Insurance Requirements," indicate that Plaintiff's required flood insurance would subsequently be increased. In fact, before the April 12, 2010 and May 4, 2010 letters, Defendants never clearly, conspicuously, or adequately disclosed to Plaintiff that they would demand coverage in excess of Plaintiff's loan balance or available credit line, or that they would subsequently alter the amount of coverage required.

21. At the time of Defendants' letters, Plaintiff's line of credit was approximately $68,500.00, and Plaintiff was already maintaining flood insurance that covered more than this amount.

22. In its May 4, 2010 letter, CHF notified Plaintiff that it had "asked an insurance company to issue a binder placing additional flood insurance coverage" on the property in the amount of $158,000, and further notified Plaintiff that CHF would purchase a policy in this amount if Plaintiff did not purchase one on his own within 45 days. The letter informed Plaintiff that a Chase affiliate would receive a commission on any imposed force-placed insurance and that the cost would "likely . . . be much higher than insurance" Plaintiff could independently obtain on his own. CHF then billed Plaintiff for the cost of the binder.

23. To avoid being billed for additional flood insurance charges by Defendants, Plaintiff increased his independently obtained flood insurance coverage by an additional $158,000. This increase went into effect on June 13, 2010.

24. In demanding that Plaintiff procure flood insurance in excess of his loan balance and available credit line and in forcing Plaintiff to obtain additional coverage on his property, Defendants acted without any reasonable basis or justification and breached their duty of good faith and fair dealing to Plaintiff. Defendants further breached this duty by misrepresenting to Plaintiff the minimum amount of insurance required by law.

25. Defendants' conduct as described above was fraudulent, deceptive, unconscionable, and unlawful. Defendants knowingly and willfully engaged in this conduct, in reckless disregard of Plaintiff's rights, federal flood insurance requirements, and other applicable law.

26. As a result of Defendants' conduct, Plaintiff has suffered a wrongful encumbrance on his property, has been wrongfully charged for an unnecessary forced-placed flood insurance binder, and has been wrongfully forced to independently purchase an excessive flood insurance policy in excess of legal requirements at significant cost.

## CLASS ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> All persons who have or had a loan or line of credit with Defendants that was secured by their residential property and were required by Defendants to purchase or maintain flood insurance on their property in the State of New York within six years prior to this action's filing date through the date of final disposition of this action.

28. <u>Numerosity</u>: The Putative Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that during the relevant time period, thousands of Defendants' customers satisfy the definition of the Putative Class.

29. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Putative Class. Plaintiff is informed and believes that his loan and mortgage documents were typical of those of the Putative Class, that the flood insurance notices he received were typical of those received by the Putative Class, that Defendants treated him consistent with the Putative Class in accordance with Defendants' policies and practices, and that it was typical for Defendants to require their customers to purchase and maintain flood insurance in an amount greater than that required by law and/or than required to insure the amount of funds advanced and unpaid.

30. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

31. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

A. Whether federal law requires Defendants' customers to purchase and/or maintain flood insurance in amounts greater than necessary to secure the sums borrowed and unpaid under a home loan or line of credit;

B. Whether Defendants maintain a policy and practice of representing to their customers that federal law requires flood insurance on loans or lines of credit in excess of that required by law;

C. Whether Defendants' standard loan and mortgage documents clearly, conspicuously, and adequately disclose the amount of flood insurance that Defendants require, and authorize Defendants to demand and/or force-place flood insurance in amounts greater than necessary to secure the sums borrowed and unpaid;

D. Whether Defendants' standard flood insurance notice letters are false, deceptive, and/or misleading;

E. Whether Defendants' conduct described in this Complaint was fraudulent, deceptive, unconscionable, and/or unfair;

F. Whether Defendants' conduct described in this Complaint constitutes one or more violations of New York General Business Law § 349, *et seq.*;

G. Whether Defendants' conduct described in this Complaint constitutes one or more violation of TILA;

H. Whether Defendants breached their duty of good faith and fair dealing;

    I.   The appropriateness and form of any equitable relief reversing charges for insurance coverage, allowing customers to close loans or credit lines without first paying premiums for flood insurance that were not necessary or required by law, ordering Defendants to cease and desist from such conduct in the future, or any other declaratory or injunctive relief;

    J.   The appropriateness and proper measure of monetary and other damages sustained by the Putative Class; and

    K.   The appropriateness and proper measure of any penalties, fines, or other remedies.

32.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

33.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

34.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is

superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in unnecessary flood insurance premiums and related charges that are readily calculable from Defendants' records and other class-wide evidence. Members of the Putative Class do not have an interest in pursuing separate actions against Defendants, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendants by any members of the Putative Class on an individual basis. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum in New York, where the Putative Class members reside.

35. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendants' records.

## FIRST CLAIM FOR RELIEF
### (Violation of New York General Business Law § 349, *et seq.*)

36. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

37. New York General Business Law § 349(a) provides that "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state are hereby declared unlawful."

38. Defendants' actions are subject to the requirements of section 349. Defendants provided consumer loans to Plaintiff and the Putative Class. In addition, Plaintiff and the Putative Class paid valuable compensation to Defendants for mortgage, financial, and loan management services, and Plaintiff and the Putative Class received such services for personal, family, and/or household purposes.

39. Defendants violated section 349 by, among other things:

   A. Requiring Plaintiff and the Putative Class to purchase and/or maintain flood insurance in amounts greater than necessary to secure the sums borrowed and unpaid under a home loan or line of credit;

   B. Purporting to incorporate and/or enforce unconscionable and/or deceptive provisions relating to flood insurance in the relevant form contracts and disclosures;

   C. Fraudulently and deceptively misstating federal flood insurance requirements;

   D. Materially misrepresenting to Plaintiff and the Putative Class that mortgage lending transactions and underlying documents conferred obligations on Plaintiff and the Putative Class that they did not; and

   E. Engaging in other unconscionable and deceptive conduct as set forth in the Complaint.

40. Defendants engaged in such violations for the purpose of inducing and/or forcing Plaintiff and the Putative Class to procure unnecessary and/or excessive amounts of flood insurance and, upon information and belief, to unconscionably maximize revenues from such customers for themselves and/or their affiliates.

41. Defendants willfully engaged in such conduct and knew or showed reckless disregard for the fact that such conduct violates section 349.

42. As a result of Defendants' violations of section 349, Plaintiff and the Putative Class have been injured and have suffered actual damages and monetary losses.

43. Therefore, Plaintiff and the Putative Class are entitled to actual damages, statutory damages, treble damages, restitution, punitive damages, injunctive relief, attorneys' fees and costs, and any other remedies available under section 349 or other law, or in equity, for Defendants' violations of section 349.

## SECOND CLAIM FOR RELIEF
(Violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*)

44. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

45. Plaintiff's line of credit is an open-ended consumer credit plan secured by his principal dwelling, and is subject to the disclosure requirements of TILA, 15 U.S.C. § 1601 *et seq.*, and all related regulations, commentary, and interpretive guidance promulgated by the Federal Reserve Board.

46. Defendants are required to accurately and fully disclose the terms of the legal obligation between the parties. *See, e.g.,* 12 C.F.R. § 226.5a(c).

47. Defendants are required to timely disclose all finance charges, other charges, and third-party charges which may be imposed in connection with a line of credit. *See, e.g.,* 15 U.S.C. §§ 1637, 1637a.

48. Defendants are required to make these disclosures clearly and conspicuously. *See, e.g.,* 15 U.S.C. § 1632.

49. Defendants violated these and other requirements under TILA by virtue of the conduct, statements, and omissions described in this Complaint.

50. These violations occurred within one year of the filing of this action, and Plaintiff did not and could not have discovered these violations more than one year prior to the filing of this action.

51. Defendants systematically engaged in similar TILA violations to the detriment of other members of the Putative Class.

52. Plaintiff and the Putative Class have been injured and have suffered actual damages and monetary losses as a result of Defendants' TILA violations.

53. Therefore, Plaintiff and the Putative Class are entitled to recover actual damages and a penalty of $500,000.00 or 1% of Defendants' net worth, whichever is greater, for Defendants' TILA violations, as provided by 15 U.S.C. § 1640(a)(1)–(2). Plaintiff and the Putative Class also are entitled to recovery of attorneys' fees and costs to be paid by Defendants, as provided by 15 U.S.C. § 1640(a)(3).

### THIRD CLAIM FOR RELIEF
(Breach of Covenant of Good Faith & Fair Dealing)

54. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

55. Defendants owe Plaintiff and the Putative Class a duty of good faith and fair dealing in light of their established contractual and business relationship with Plaintiff and the Putative Class and their superior contractual position of authority within those relationships.

56. Defendants breached this duty, in part, through: misrepresenting both federal requirements and contractual requirements regarding flood insurance, requiring insurance

coverage in excess of that required by federal law and by relevant loan and mortgage documents, and by unreasonably exercising in bad faith Defendants' purported discretionary authority afforded under the loan and mortgage documents.

57. Defendants willfully engaged in the foregoing conduct with the intent to gain unwarranted contractual and legal advantages and to deprive Plaintiff and the Putative Class of their contractual and legal rights to obtain and maintain a loan, extension of credit, or credit renewal without having to purchase flood insurance coverage in excess of the funds obtained.

58. As a result of Defendants' breaches, Plaintiff and the Putative Class have been injured, and have suffered actual damages and monetary losses.

59. Plaintiff and the Putative Class are entitled to damages and other appropriate legal and equitable relief for Defendants' breaches of the covenant of good faith and fair dealing.

**PRAYER FOR RELIEF**

60. WHEREFORE, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

> A. Determination that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;
>
> B. Designation of Plaintiff's counsel as counsel for the Putative Class;
>
> C. Issuance of proper notice to the Putative Class;
>
> D. Judgment that Defendants' actions violate the Truth and Lending Act;
>
> E. Judgment that Defendants' actions violate New York General Business Law § 349, *et seq.*;

F. Judgment that Defendants acted willfully in deliberate or reckless disregard of the applicable law and the rights of Plaintiff and the Putative Class;

G. Judgment that Defendants breached their duty of good faith and fair dealing owed to Plaintiff and the Putative Class;

H. Appropriate equitable relief, including but not limited to restitution and an injunction requiring Defendants reverse all unlawful, unfair, or otherwise improper charges for insurance coverage, allowing customers to close loans or credit lines without first paying premiums for flood insurance that were not necessary or required by law, and cease and desist from engaging in further unlawful conduct in the future;

I. Actual damages, statutory damages, treble damages, punitive damages, penalties, and interest;

J. Reasonable attorneys' fees and costs; and

K. Other and further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

61. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

Respectfully submitted,

Dated: _____

NICHOLS KASTER, PLLP

_____
Donald H. Nichols, NY Bar No. 725840

Paul J. Lukas, NY Bar No. 4522207[+]
  [+](registered but not yet sworn in S.D.N.Y.)
Kai Richter, MN Bar No. 0296545[*]
Rebekah L. Bailey, CA Bar No. 258551[*]
  [*](*pro hac vice* applications forthcoming)
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS